THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPORT DEVELOPMENT CANADA,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE ENERGY FUELS CORPORATION,<br><br>Defendant. | CASE NO. C15-1664 JCC<br><br>ORDER GRANTING SUMMARY JUDGMENT AND DENYING LEAVE TO AMEND |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 17) and Defendant's motion for leave to amend (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion and DENIES Defendant's motion for the reasons explained herein.

I.  BACKGROUND

Non-party Consolidated Bio Fuels, Ltd. (CBF) is a Canadian biodiesel producer. (Dkt. No. 15 at 2.) Defendant Whole Energy Fuels Corporation is a Washington corporation that purchased biodiesel from CBF. (*Id.* at 2.) Plaintiff Export Development Canada insured CBF against nonpayment. (Dkt. No. 1-4 at 3.)

Between September 16, 2014 and November 26, 2014, Defendant issued seven purchase

1  orders to CBF for biodiesel. (Dkt. No. 1-1.) CBF shipped the requested biodiesel to Defendant,
2  and Defendant accepted delivery. (Dkt. No. 1-2.) CBF then invoiced Defendant for these
3  shipments. (Dkt. No. 1-3.) Defendant admits that the invoices totaled $225,300.78. (Dkt. No. 1 at
4  3.) But although Defendant never objected to the invoices, it has yet to pay them. (Dkt. No. 15 at
5  4.) On March 18, 2015, Defendant certified that the balance on its account with CBF was
6  $225,300.78. (Dkt. No. 19 at 4.)

7  Because Defendant did not pay CBF, Plaintiff covered a percentage of this loss under its
8  insurance policy with CBF. (Dkt. No. 4 at 3.) As a condition of coverage, CBF assigned Plaintiff
9  its right to collect on the invoices. (*Id.*)

10  Plaintiff now moves for summary judgment, arguing that because Defendant certified an
11  account balance of $225,300.78 with CBF, Plaintiff is entitled to payment of this amount as a
12  matter of law. Defendant moves for leave to amend its complaint to add an additional defense.
13  The Court will address these motions in turn.

14  **II.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
15  **A.   Standard of Review**
16  "The court shall grant summary judgment if the movant shows that there is no genuine
17  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
18  Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable
19  inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v.*
20  *Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly
21  made and supported, the opposing party "must come forward with 'specific facts showing that
22  there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.
23  574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the
24  outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence
25  for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49.
26  Ultimately, summary judgment is appropriate against a party who "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B.     The March 2015 Letter Established an Account Stated

"The Restatement (Second) of Contracts § 282(1) (1981) defines an account stated as 'a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due the creditor.'" *Sunnyside Valley Irr. Dist. v. Roza Irr. Dist.*, 124 Wash. 2d 312, 315 (1994). To establish an account stated under Washington law, "[t]here must be some form of assent to the account, that is, a definite acknowledgment of an indebtedness in a certain sum." *Id.* at 316 (quoting *Shaw v. Lobe*, 58 Wash. 219, 221 (1910)). Such assent "may be implied from the circumstances and acts of the parties, but it must appear in some form." *Id.*

Plaintiff argues that CBF's March 3, 2015 letter to Defendant identifying an account balance of $225,300.78, and Defendant's certification of that letter on March 18, 2015, established an account stated. The letter in question reads:

> In connection with our audit, our auditors…request confirmation of your account with us. Our records show an amount receivable from you of $225,300.78 USD as at December 31, 2014. If you agree with the above account balance, please complete and sign the letter in the space provided below. If you do not agree with the above information, please provide us with the details of any differences.

(Dkt. No. 19 at 4.) Defendant signed the letter without objecting to the amount. (*Id.*) Because Defendant assented to the balance, the Court finds that this was an account stated.

### C.     Defendant's Alleged Setoffs Have Been Waived

Defendant admits that it is "obligated to pay on the invoices in the total amount of $225,300.78." (Dkt. No. 20 at 1.) But it argues that it is nonetheless entitled to setoffs against this amount due to losses it incurred from other transactions with CBF. Defendant argues that these setoffs involve disputed factual issues that preclude summary judgment.

Defendant is correct that "[a]n assignee takes a contract subject to any setoffs the account debtor has against the assignor." *Nancy's Prod., Inc. v. Fred Meyer, Inc.*, 61 Wash. App. 645, 651 n.4 (1991). As Defendant admits, (Dkt. No. 20 at 4), alleging setoffs to avoid liability "is in

the nature of a defense." *Nancy's Prod., Inc.*, 61 Wash. App. at 651. Defendant also concedes that "[w]here there is an account stated…defenses as to the at-issue debts themselves are waived." (Dkt. No. 20 at 5).

Defendant's alleged setoffs all arose from incidents that occurred before CBF's March 2015 letter. (Dkt. No. 20 at 7–8.) Plaintiff argues that Defendant therefore waived these defenses. The Court agrees with Plaintiff that under Washington law, "[p]revious defenses available upon an account are lost upon an account stated." *Shell Oil Co. v. Livingston Fertilizer & Chem. Co.*, 9 Wash. App. 596, 598-99 (1973). But Defendant argues that the Plaintiff's 2015 letter and Defendant's certification of the balance in that letter related only to a portion of the parties' account—the unpaid invoices—rather than to the entire account. In other words, Defendant argues that the letter established an account stated only for those specific transactions. According to Defendant, because its setoffs relate to other transactions with CBF independent of the unpaid invoices, these defenses were not extinguished by the account stated. Defendant cites several cases from other jurisdictions for this proposition.

It is true that under this non-binding caselaw, "an account stated need not cover all the dealings or all the claims between the parties; *it may include certain items and leave others open for future adjustment*." *Nello L. Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 531 (1962) (emphasis added). "In that event it becomes an account stated only as to the items *admitted to be correct*." *Id.* (emphasis added). The crux, therefore, of whether an account stated relates only to specific transactions or to an entire account "depends on the manifested intention of the parties as it may be gleaned from their conduct and relevant circumstances surrounding their treatment of the accounts, including the separate or related nature of the underlying transactions." *Boston & M. R. R. v. Lehigh & N. E. R. Co.*, 188 F. Supp. 486, 489 (S.D.N.Y. 1960).

Here, Plaintiff's March 2015 letter, and Defendant's response, establish that the letter established an account stated that "cover[ed] all the dealings" between the parties, rather than specific transactions. The letter did not "include certain items and leave others open." Rather, it

ORDER GRANTING SUMMARY JUDGMENT
AND DENYING LEAVE TO AMEND
PAGE - 4

requested "confirmation of [Defendant's] *account* with [CBF]," asked Defendant to sign the letter if it "agree[d] with the above *account balance*," and if not, to provide "details of any differences."  In signing the letter without arguing the existence of any setoffs, Defendant therefore agreed that its account with CBF had a total balance of $225,300.78. Because neither party limited this account stated to the invoices in question, it covered the parties' entire account. Defendant thus waived any defenses it possessed prior to the account stated and cannot raise them now.

Because there has been an account stated, the Court need not address the dispute over whether Defendant waived certain setoffs through prior settlements with CBF. As a matter of law, Defendant has agreed that it owes CBF $225,300.78 and has lost its right to assert pre-March 2015 setoffs to this amount. As the Court has explained, CBF assigned Plaintiff the right to collect $225,300.78 from Defendant on the unpaid invoices. The existence of the account stated between CBF and Defendant means that Defendant has waived its pre-March 2015 setoffs against Plaintiff's claim as well.

The Court therefore grants Plaintiff's motion for summary judgment.

## III.  DEFENDANT'S MOTION FOR LEAVE TO AMEND

Defendant moves for leave to amend its answer to add an additional setoff.  Defendant alleges that the events forming the basis for this setoff occurred in 2014. (Dkt. No. 23-1 at 8). Because this predated the parties' March 2015 account stated, Defendant waived its right to assert this setoff as a defense. Defendant's proposed amendment would thus be futile. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Defendant's motion for leave to amend is therefore denied.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. No. 17) is GRANTED and Defendant's motion for leave to amend (Dkt. No. 22) is DENIED. Plaintiff is

1  entitled to judgment against Defendant in the amount of $225,300.78.

2  DATED this 9th day of June 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE